UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT MATTHEWS and
BRENDA MATTHEWS,
        Plaintiffs        Case No.:

V        Hon.

CROWN DEFENSE LTD, Inc.,
JON MARSHALL and
JUAN HUECK,
        Defendants.

_____

STEVEN A. MATTA (P39718)
MATTA BLAIR, PLC
Co-Counsel for Plaintiffs
39572 Woodward Avenue, Suite 200
Bloomfield Hills, MI 48304
(248) 593-6100/593-6116 Fax
smatta@mattablair.com


SABRINA SHAHEEN CRONIN (P48699)
GENESIS LEGAL GROUP
OF MICHIGAN PLLC
Co-Counsel for Plaintiffs
21 E. Long Lake Rd., Ste. 250
Bloomfield Hills, MI 48304
(248) 258-3500 / (248) 258-3501 Fax
scronin@genesislegalgroup.com

## **COMPLAINT**

    Plaintiffs, ROBERT and BRENDA MATTHEWS, by their attorneys, MATTA BLAIR, PLC, complain of the Defendants, saying:

### **PARTIES, JURISDICTION, AND VENUE**

1. Plaintiffs are residents of the county of Oakland County, Michigan.

2. Defendant, Crown Defense, Ltd., Inc. is a corporation formed under the laws of North Carolina, with its principal offices in North Carolina.

3. Defendant Jon Marshall is a resident of North Carolina and a shareholder in the corporate Defendant.

4. Defendant Juan Hueck is a resident of North Carolina and a shareholder in the corporate Defendant.

5. This Court has jurisdiction of the claims asserted in this action pursuant to 28 U.S.C. §1332 as a result of the diversity of citizenship of the parties.

6. The amount in controversy exceeds $75,000.00 exclusive of interest and costs, as Plaintiffs invested $200,000.00 in the Defendant company, and have suffered damages in excess of $600,000.00 as a result of the claims stated herein.

7. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as a substantial part of the events and omissions giving rise to this action occurred, were directed into, and created consequences in this District.

## FACTUAL BACKGROUND

8. In and around 2018-2019, the Defendant company ("Company") was formed and Plaintiff Robert Matthews became a shareholder owning 10% of the issued and outstanding shares of the Company in exchange for $200,000.00 paid by Plaintiff Robert Matthews to the Company.

9. Two other shareholders, Jon Marshall and Juan Hueck, each own 45% of the issued and outstanding shares of the Company.

10. Plaintiff Brenda Matthews worked for the Company as an employee since its inception until she was terminated in January 2021.

11. Both Plaintiffs performed their duties for the Company in Michigan.

12. Crown Defense, Ltd. is in the business of buying commercial vehicles, warehousing them, and then selling them to third parties who ultimately modify the vehicle for military purposes.

13. In reviewing financial statements of the Company in December of 2020, Plaintiff Robert Matthews uncovered discrepancies in the reporting, the Company's compliance with federal laws applicable to its business, and other business deficiencies.

14. In December 2020, Plaintiff Robert Matthews brought the discrepancies, non-compliance, and deficiencies to the attention of the other shareholders and board of directors.

15. In response, Mr. Matthews was demoted from his position as general manager, his wife, Plaintiff Brenda Matthews, was terminated, and the Company embarked upon a series of actions constituting shareholder oppression.

16. Prior to disclosing the financial discrepancies, non-compliance, and deficiencies, Plaintiff Robert Matthews was paid a salary, bonuses, and dividends.

17. In January 2021, the Company stopped paying Robert Matthews any salary, bonuses, or dividends, and stopped paying any wages to Brenda Matthews.

18. Plaintiffs continued to work for the Company through February 2021, but in March 2021 all electronic communications were cut-off by Defendants.

19. Plaintiff Robert Matthews is owed his salary of $120,000.00 through February 2021, plus $61,500.00 for unpaid but declared bonuses, as well as $516,063.31 for the value of his shares of the Company.

20. He is further owed the value of an automobile which was to be provided by the Company, along with contributions and matching to his 401k.

21. Plaintiff Robert Matthews continues to be a shareholder in the Company but has been removed involuntarily from the Board of Directors, and the Defendants have failed to provide notice of annual or special meetings, agendas, minutes, corporate filings, tax returns, financial statements, and all other information regarding the Company, and this conduct continues to this day.

22. The Company has always employed the spouses of each Shareholder as a benefit of being a Shareholder.

23. The Company has ceased providing that benefit to Plaintiffs, despite the fact that Plaintiff Brenda Matthews was the only spouse of a shareholder who actually performed work at the Company.

## **COUNT I – SHAREHOLDER OPPRESSION**

24. Plaintiffs incorporate the preceding paragraphs.

25. Plaintiff Robert Matthews is a minority shareholder of the Company.

26. Defendants have engaged in a continuing course of conduct and significant actions that substantially interfere with the interests of the shareholder as a shareholder.

27. Defendants' continuing course of conduct and significant actions include constructively terminating employment of Plaintiffs, failure to pay salary, bonuses, and dividends due Plaintiffs, and provide other benefits while disproportionately enjoying those benefits exclusively to themselves.

28. Defendants have failed, refused and/or neglected to buy out the interests of Plaintiffs while excluding them from any of the benefits due a shareholder, and disproportionately taking those benefits for themselves.

29. Defendants controlled the Company, including its board of directors, and all financial aspects of the Company, to the detriment and exclusion of Plaintiffs.

30. Defendants have continuously failed to provide notice of annual and special meetings to Plaintiffs, failed to provide tax returns and financial statements, and have cut off all communications with Plaintiffs, all of which deny Plaintiffs' benefits of being shareholders in the Company.

31. In essence, Defendants have, without proper reason, cause, or justification, effectively (and illegally) ousted Plaintiffs from Crown Defense, Ltd., its operations and profits.

32. Plaintiffs have suffered injury separate and distinct from other shareholders in that the Defendant shareholders continue to receive distributions resulting from revenues, salaries, expense reimbursements, knowledge and other benefits as shareholders continuously denied to Plaintiffs.

## **RELIEF REQUESTED**

Plaintiffs request entry of Judgment against Defendants on Count I for Minority Shareholder Oppression and respectfully request the Court enter an Order:

(A) Appointing an independent receiver/auditor, to prevent Crown Defense, Ltd. from conducting any activities outside the ordinary course of business in order to ensure that during the pendency of this litigation, corporate funds are not hidden, transferred or any activities are taken that would, in any way, dilute the value of the Shares;

(B) Defendants to purchase the Shares back from Plaintiff, for their fair market value;

(C) Awarding additional damages to Plaintiffs in an amount in excess of Seventy-Five Thousand and 00/100 ($75,000.00) sustained as a result of the illegal, fraudulent, willfully unfair and oppressive acts of Defendants; and

(D) Ordering Defendants to reimburse Plaintiffs all their costs and attorney fees as well as any other and/or additional relief as this Honorable Court may deem just and equitable.

## COUNT II – BREACH OF FIDUCIARY DUTY

33. Plaintiffs incorporate the preceding paragraphs.

34. As Crown Defense, Ltd.'s Officers, Defendants had to act with the utmost integrity and fairness in all their dealings with and on behalf of Crown Defense, Ltd., and its shareholders, including Plaintiff.

35. As Officers, Defendants had a duty to act, at all times, in the best interest of Crown Defense, Ltd., and its shareholders, including Plaintiff.

36. As Officers, Defendants had a duty to be open and honest and fully inform Crown Defense, Ltd.'s shareholders, including Plaintiff, of all relevant facts and information regarding the finances, operations, and dealings of Crown Defense, Ltd.

37. Defendants owe fiduciary duties not to form a competing company, not to direct business to a competing company which was rightfully to be performed by the Company, and not to bestow any economic advantage on such competing company.

38. Notwithstanding their multiple fiduciary obligations, Defendants acted in their own self-interest, which was in direct conflict with the interests of Plaintiff and Crown Defense, Ltd.

39. Defendants breached their fiduciary duties in several ways, including, but not limited to, the following:

    a. Failing to accurately report regarding the financial workings of Crown Defense, Ltd.;

    b. Forming a separate company which occupies the same physical space at the same address as the Company without paying any rent, sharing in any utility, tax, or maintenance costs, and enjoys an economic advantage over the Company as a result;

    c. Inappropriately subletting to the separate company the real estate leased by the Company; and,

    d. Continuing to employ their spouses who do not contribute to the operation of the Company.

40. Plaintiff has suffered injury separate and distinct from other shareholders in that the Defendant shareholders continue to receive distributions resulting from revenues which could have and should have belonged to the Company.

41. As a direct and proximate result of Defendants' breaches of duty, Plaintiffs have and will continue to suffer damages.

## RELIEF REQUESTED

Plaintiffs request entry of Judgment against Defendants on Count II for Breach of Fiduciary Duty, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) to which they are found to be entitled, plus interest, costs, and attorney fees so wrongfully sustained.

## COUNT III – FRAUD

42. Plaintiffs incorporate the preceding paragraphs.

43. Defendants have continuously withheld all information pertaining to the Company from Plaintiffs, have secreted all financial information, misrepresented the number and scope of projects the Company has in its pipeline and ability to perform.

44. Defendants have made, and continue to make, false representations to Plaintiffs regarding the Company's finances and budgets.

45. Defendants' representations were false when they were made and continue to be false today.

46. Defendants knew that their representations were false when they made them, or they made such representations recklessly, without knowing whether they were true or not.

47. Defendants made, and continue to make, such representations with the intent Plaintiffs rely upon them.

48. Plaintiffs did rely upon the representations made by Defendants which were, in fact, the reason Plaintiffs continued to work diligently in bettering Crown Defense, Ltd. and providing continued clients and services.

49. Plaintiffs have suffered substantial economic losses as a result of their reliance upon Defendants' representations.

### RELIEF REQUESTED

Plaintiffs request entry of Judgment against Defendants on Count IV for Fraud, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) to which they are found to be entitled, plus interest, costs, and attorney fees so wrongfully sustained.

### COUNT IV – UNJUST ENRICHMENT

50. Plaintiffs incorporate the preceding paragraphs.

51. After purchase of the shares from Crown Defense, Ltd., Plaintiffs began working to improve Crown Defense, Ltd., helping to bring business to the Company and ensuring that internal protocols were appropriately implemented and followed.

52. Defendants received experience, resources, finances, and work from Plaintiffs without properly paying them for same.

53. Not only did Defendants fail to pay Plaintiffs appropriately for their work before constructively terminating them from the Company without notice, Defendants are also holding Plaintiffs shares of the Company hostage and refusing to buy them for a fair market value.

54. It would be inequitable to allow Defendants to retain the benefits of the expertise, resources, finances, and services they received from Plaintiffs without compensating Plaintiffs for such benefits received.

## **RELIEF REQUESTED**

Plaintiffs request entry of Judgment against Defendants on Count IV for Unjust Enrichment, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) to which they are found to be entitled, plus interest, costs, and attorney fees so wrongfully sustained.

Respectfully submitted,

/s/ Steven A. Matta
MATTA BLAIR, PLC
STEVEN A. MATTA (P39718)
Attorney for Plaintiffs
39572 Woodward Avenue, Suite 200
Bloomfield Hills, MI 48304
(248) 593-6100/593-6116 Fax
smatta@mattablair.com

<u>/s/ Sabrina S. Cronin</u>
GENESIS LEGAL GROUP OF MICHIGAN, PLLC
Sabrina S. Cronin (P48699)
Attorney for Plaintiffs
21 E Long Lake Rd #250
Bloomfield Hills, MI 48304
(248) 258-3500
scronin@genesislegalgroup.com

Dated:  April 16, 2024